

# The Attorney General of Texas

April 16, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John B. Holmes, Jr.
District Attorney
201 Fannin, Suite 200
Houston, Texas 77002

Opinion No. JM-477

Re: Construction of article
1396-2.23A(E)(4), V.T.C.S.

Dear Mr. Holmes:

In your letter you tell us that a reporter for the Houston Post requested access to certain financial records of the Methodist Hospital in Houston pursuant to article 1396-2.23A, V.T.C.S. The hospital refused the reporter's request, and the reporter asked your office to prosecute the hospital pursuant to article 1396-2.23A(D). You have asked our opinion about the construction of several different clauses in article 1396-2.23A.

The Texas Non-Profit Corporation Act provides:

> C. All records, books, and annual reports of the financial activity of the corporation shall be kept at the registered office or principal office of the corporation in this state for at least three years after the closing of each fiscal year and shall be available to the public for inspection and copying there during normal business hours. The corporation may charge for the reasonable expense of preparing a copy of a record or report.
>
> D. A corporation that fails to maintain financial records, prepare an annual report, or make a financial record or annual report available to the public in the manner prescribed by this article is guilty of a Class B misdemeanor.

Art. 1396-2.23A(C), (D). Certain types of nonprofit corporations, however, are excluded from the requirements of those provisions, including

> religious institutions which shall be limited to churches, ecclesiastical or denominational organizations, or other established physical places for

> worship at which religious services are the primary activity and such activities are regularly conducted.

Art. 1396-2.23A(E)(4).

Methodist Hospital relied on the exemption for religious institutions in refusing to grant the reporter's request for access to financial records. In your opinion, Methodist Hospital is reading the exemption for religious institutions too broadly. Consequently, you ask what type of nonprofit corporations are exempt under that provision and whether Methodist Hospital is within the scope of the exemption.

The language of the exemption for religious institutions raises problems of statutory construction. Religious institutions exempted under article 1396-2.23A(E)(4), are limited to (1) churches; (2) ecclesiastical or denominational organizations; and (3) other established physical places for worship at which religious services are the primary activity and such activities are regularly conducted. The ordinary reading of the word "other" in the third category would require a construction of both "churches" and "ecclesiastical or denominational organizations" that would limit those categories to "established physical places for worship." That construction does not create a particular problem in regard to the category "churches." It does, however, put a troublesome limitation on the category "ecclesiastical or denominational organizations."

A brief submitted to us on behalf of Methodist Hospital points out that such a reading of "ecclesiastical or denominational organizations" would exclude the typical denominational organization. Webster's Ninth New Collegiate Dictionary defines "denomination" as a "religious organization uniting in a single legal and administrative body a number of local congregations." Such an organization is usually not itself an "established physical place for worship," but it usually guides and supports worship services at other places. We think that by using the category "ecclesiastical or denominational organizations" the legislature clearly intended such organizations to come within the scope of the exemption for religious institutions. The goal of statutory construction is to ascertain the intention of the legislature. State v. Terrell, 588 S.W.2d 784, 786 (Tex. 1979). To achieve the obvious legislative intent, the exemption for religious institutions must be given a construction somewhat broader than the one required by strict grammatical construction. See State v. Terrell (if legislative intent is clear, it must be followed even if the strict language of the statute is not entirely consistent with that intent).

The brief submitted to us on behalf of Methodist Hospital encourages a construction of the exemption for "ecclesiastical or denominational organizations" that would include any nonprofit corporation "relating to" a religious institution. We do not think that the legislature intended the exemption to be so broad.

All the words in a provision should be considered in attempting to ascertain legislative intent. State v. Terrell, 588 S.W.2d 784 (Tex. 1979). Although the phrase "ecclesiastical or denominational organizations" is vague, a reading of article 1396-2.23A(E)(4) in its entirety makes clear that the legislature intended the exemption for religious institutions to be a narrow one. The phrase "ecclesiastical or denominational organizations" appears after the instruction that the definition of religious institution "shall be limited to" certain things. The category "ecclesiastical or denominational organizations" is sandwiched between two other categories that are limited to nonprofit corporations whose primary function is to provide, guide, or further religious worship. In other words, those categories are limited to entities whose primary function is spiritual. The phrase "ecclesiastical or denominational organizations" must be read in that context. Cf. Tax Code §11.20 (defining "religious organization" as one "organized and operated primarily for the purpose of engaging in religious worship or promoting the spiritual development or well-being of individuals").

Therefore, we think that the legislature intended the category "ecclesiastical or denominational organizations" to include only nonprofit corporations whose primary function is to provide, guide, or further religious worship services. The exemption was not intended for a nonprofit corporation that merely has an organizational connection with a religious institution, or that has a chapel on its premises if the main function of the nonprofit corporation is something other than providing, guiding, or furthering religious worship. Whether any particular nonprofit corporation comes within the exemption in article 1396-2.23A(E)(4) is a question of fact, which we are unable to decide, but it is highly unlikely that a hospital would be within the exemption.

Your second question is whether the records the reporter requested are available to the public under article 1396-2.23A. The reporter asked for access to the following information:

> all bank certificates of deposit purchased and sold by The Methodist Hospital in the last three years [including] the name of the bank where the CD's were bought, the date purchased, and the interest rate and maturity of each CD . . . all land and equity transactions by The Methodist Hospital for the last three years . . . all

expenses paid for work performed on or in the homes and residences of private individuals which was paid for by The Methodist Hospital . . . all expenses related to the Delhomme Conference Center paid for by The Methodist Hospital for the last three years . . . all loans and advances to physicians made by The Methodist Hospital for the last three years [including] the terms of the loans and advances . . . all minutes of board meetings regarding the financial activity of The Methodist Hospital for the last three years . . . [and] all expenditures made by The Methodist Hospital for charitable medical care performed at The Methodist Hospital.

The relevant sections of article 1396-2.23A provide:

A. A corporation shall maintain current true and accurate financial records with full and correct entries made with respect to all financial transactions of the corporation, including all income and expenditures, in accordance with generally accepted accounting practices.

B. Based on these records, the board of directors or trustees shall annually prepare or approve a report of the financial activity of the corporation for the preceding year. The report must conform to accounting standards as promulgated by the American Institute of Certified Public Accountants and must include a statement of support, revenue, and expenses and changes in fund balances, a statement of functional expenses, and balance sheets for all funds.

C. All records, books, and annual reports of the financial activity of the corporation shall be kept at the registered office or principal office of the corporation in this state for at least three years after the closing of each fiscal year and shall be available to the public for inspection and copying there during normal business hours. The corporation may charge for the reasonable expense of preparing a copy of a record or report.

D. A corporation that fails to maintain financial records, prepare an annual report, or make a financial record or annual report available

to the public in the manner prescribed by this
article is guilty of a Class B misdemeanor.

These provisions make clear that a nonprofit corporation that is not exempt from the provisions of article 1396-2.23A must keep records of all its financial transactions and that it must make those records available to the public. Most of the records the reporter requested are clearly records of financial transactions. Whether particular portions of minutes constitute financial records is a fact question that we cannot answer. Also, the reporter's request for records of all expenditures made for charitable medical care might pose problems. A hospital presumably provides charitable medical care by providing treatment without expectation of payment. We cannot say whether generally accepted accounting principles would require a hospital to keep a financial record of any such transaction. That is a question of fact, which we cannot answer. Also, we do not address potential conflicts that might arise between this statute and laws making certain records confidential.

### S U M M A R Y

The exemption for religious institutions in
article 1396-2.23A(E)(4), V.T.C.S., applies only
to nonprofit corporations whose primary purpose is
to provide, guide, or further religious worship.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General